# IN THE COURT OF APPEALS OF IOWA

No. 21-1285
Filed February 16, 2022

**IN THE INTEREST OF J.H.,**
**Minor Child,**

**T.H., Mother,**
    Appellant.
_____


Appeal from the Iowa District Court for Floyd County, Karen Kaufman Salic, District Associate Judge.


A mother appeals the district court order terminating her parental rights. **AFFIRMED.**


Danielle M. Ellingson of Eggert, Erb, & Ellingson, P.L.C., Charles City, for appellant mother.

Thomas J. Miller, Attorney General, and Tabitha J. Gardner, Assistant Attorney General, for appellee State.

Cindy Schuknecht of Noah, Smith, Schuknecht & Sloter, P.L.C., Charles City, attorney and guardian ad litem for minor child.


Considered by May, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

A mother appeals the district court order terminating her parental rights. There is clear and convincing evidence in the record to support termination of the mother's rights, an extension of time would not be in the child's best interests, and termination of the mother's parental rights is in the child's best interests. We affirm the decision of the district court.

## I.     Background Facts & Proceedings

T.H. is the mother of J.H., born in 2020.[1] The mother began services in Illinois in 2018. Those services were unsuccessful, and her parental rights to five children were terminated in Illinois. The mother tested positive for amphetamines a few months before the child's birth. J.H. tested positive for THC at the time of birth.

On October 22, 2020, J.H. was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) and (o) (2020). The child remained in the custody of the mother under the supervision of the Iowa Department of Human Services (DHS). The mother and child lived with the maternal grandmother and an aunt, who provided support for the mother. The mother participated in services.

In January 2021, the mother went to Illinois, leaving the child in the care of the maternal grandmother. The maternal grandmother contacted DHS, stating she was unable and unwilling to care for the child on a long-term basis. The child was removed from the mother's custody on January 21 and placed in foster care.

---

[1] The father has not been in the child's life and has not appealed the termination of his parental rights.

The mother moved back to Iowa in late May 2021. On June 1, she tested positive for marijuana, amphetamines, and methamphetamine. She did not comply with any of the other requested drug testing. The mother missed a minimum of five drug tests after the permanency hearing. The mother started a substance-abuse treatment program but was unsuccessfully discharged for lack of compliance.

On July 8, the State filed a petition seeking termination of the mother's parental rights. At the termination hearing on September 2, the mother asked for an extension of time. The mother testified she expected to move into her own place in a few weeks, instead of living with a friend. The mother stated she had not completed her psychological evaluation.

The district court terminated the mother's parental rights under section 232.116(1)(b), (e), (g), (h), and (*l*) (2021). The court found termination of the mother's parental rights was in the child's best interests. The court stated, "She clearly is not interested in making the changes to be a safe parent—and for the vast majority of the CINA case, wasn't even going through the motions." The court did not grant the mother's request for an extension of time, stating the child could not be returned to her care "today or in the foreseeable future," noting, "there has been no discernable improvement" in the mother's situation since the CINA case began. The court determined none of the exceptions in section 232.116(3) should be applied. The mother appeals the termination of her parental rights.

II.    **Standard of Review**

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear

and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III.    Sufficiency of the Evidence

The mother claims the order terminating her parental rights is not supported by clear and convincing evidence. The mother's parental rights were terminated under section 232.116(1)(b), (e), (g), (h), and (*l*). On appeal, she disputes only section 232.116(1)(h), claiming the State did not present sufficient evidence to show the child could not be safely returned to her care.

"We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. Because the mother does not challenge the termination of her parental rights under section 232.116(1)(b), (e), (g), or (*l*), we may affirm the termination on these grounds. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *see also In re K.K.*, No. 16-0151, 2016 WL 1129330, at *1 (Iowa Ct. App. Mar. 23, 2016).

We elect to consider the merits of the mother's argument under section 232.116(1)(h).[2]  There is clear and convincing evidence to show the child could not be safely returned to the mother's care at the time of the termination hearing.  *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).  The mother testified she was living with a friend and she did not have adequate housing for the child at the time of the termination hearing.  But most concerning, the mother had not addressed her substance-abuse problems or mental-health concerns.  She had not seen her son for several months prior to the termination hearing.  We conclude the district court properly terminated the mother's parental rights.[3]

## IV.      Extension of Time

The mother contends the district court should have granted her an additional six months to work on reunification.  She asserts that she was doing better at the time of the termination hearing than she was at the time the child was removed from her care.  The mother states that she would continue to improve and the child could be returned to her care within six months.

---

[2] A parent's rights may be terminated under section 232.116(1)(h) if the court finds all of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

[3] In the discussion of the sufficiency of the evidence, the mother asserts the State has an obligation to make reasonable efforts but does not claim the State failed to make reasonable efforts.  Because the mother does not raise a specific claim that the State failed to make reasonable efforts, we do not address this issue.

The court may decide to not terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b). *See* Iowa Code § 232.117(5). The court may continue the proceedings for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

The court denied the mother's request for an extension of time, stating the child could not be returned to her care "today or in the foreseeable future." The court found, "She has had since 2018 to resolve these same issues, and despite a few months of minimal participation in services through the last year, there has been no discernable improvement." The mother was unsuccessfully discharged from substance-abuse treatment. Additionally, she did not complete a psychological evaluation, so she was unable to be treated for mental-health issues. We concur in the district court's assessment that it is unlikely the need for removal would no longer exist at the end of six months.

## V.     Best Interests

The mother claims termination of her parental rights is not in the child's best interests. In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *In re P.L.,* 778 N.W.2d 33, 41 (Iowa 2010). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping

someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

When the child was about four months old, the mother left the child in the care of the maternal grandmother and did not return for approximately five months. The mother did not participate in requested drug testing except for one occasion when a social worker drove her to the testing site. The mother tested positive for marijuana, amphetamines, and methamphetamine on that occasion. The mother was unsuccessfully discharged from a substance-abuse treatment program for lack of attendance. We conclude the mother is unable to meet the child's need for permanency and stability. We find termination of the mother's parental rights is in the child's best interests.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**